Filed 8/9/22  P. v. Sanabria CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JACOB GABERIELRO SANABRIA,<br><br>Defendant and Appellant. | C093827<br><br>(Super. Ct. No. 17FE011857) |

In 2018, defendant Jacob Gaberielro Sanabria was found not guilty by reason of insanity of murder and committed to the State Department of State Hospitals.  He appeals from the trial court's denial of his petition for outpatient treatment pursuant to Penal Code section 1026.2.[1]  Defendant argues the trial court's ruling was not supported by substantial evidence.  We affirm the court's denial of his petition.

---

[1] Undesignated statutory references are to the Penal Code.

1

## I. BACKGROUND

In December 2019, defendant filed his petition for transfer to outpatient treatment under section 1026.2. In March 2021, the court held a hearing on the petition. Defendant was the only witness to testify. At the close of his testimony, the People moved for a "directed verdict . . . in that Mr. Sanabria ha[d] failed to meet his legal burden by a preponderance of the evidence."[2]

The court granted this motion, finding: "[T]he petition has failed on the preponderance of the evidence before me to establish that Mr. Sanabria would not pose an undue risk if under supervision and treatment in the community. [¶] Now, Mr. Sanabria, I take your testimony at face value, that you are making progress, you've recognized your condition, you're working on coping skills, you're working on a relapse plan, you understand the need for the medication. There'[re] no serious acts of violence while you were in the state hospital. And you are to be commended for that. But I'm also aware that this was a very serious crime of extreme violence. It occurred shortly after you had been released from a mental facility . . . . [¶] And as I understand the testimony, you were seeing privately a psychologist within a month before the killing, which is not quite outpatient status, but it is more akin to outpatient status than treatment inside the state hospital. [¶] And, again, without any showing of what treatment, what structure, what supervision would be available in an outpatient setting, I cannot find that there would be no undue hazard to the community." The court continued: "I think there has to be a record that within the envisioned outpatient program, Mr. Sanabria would continue to take his medication, would be adequately supervised, there would be

---

[2] "Labeling a motion as one for a directed verdict does not make it so." (*People v. Nance* (2022) 78 Cal.App.5th 784, 788.) Here, "[t]he prosecution was effectively moving for judgment in a court trial, likely attempting to avoid waiving its right to offer evidence in support of its defense or rebuttal if the motion was denied." (*Id*. at p. 790, italics omitted.)

adequate structure, he could prepare his nonrelapse plan.  I have nothing of that before me.  [¶]  So primarily on that ground, I am finding that this petition fails to meet the burden to show by a preponderance of the evidence that Mr. Sanabria would not pose a danger to the health or safety of others if released under the supervision and treatment, again, yet explained, of outpatient treatment as envisioned."

## II.  DISCUSSION

A person who has been found not guilty by reason of insanity and committed to a state hospital may apply to the superior court for release from commitment "upon the ground that sanity has been restored."  (§ 1026.2, subd. (a).)  "Section 1026.2 involves what has been described as a two-step process."  (*People v. Soiu* (2003) 106 Cal.App.4th 1191, 1196.)  This case involves the first step in the release process regarding outpatient placement:  "The court shall hold a hearing to determine whether the person applying for restoration of sanity would be a danger to the health and safety of others, due to mental defect, disease, or disorder, if under supervision and treatment in the community.  If the court at the hearing determines the applicant will not be a danger to the health and safety of others, due to mental defect, disease, or disorder, while under supervision and treatment in the community, the court shall order the applicant placed with an appropriate forensic conditional release program for one year."  (§ 1026.2, subd. (e).)  At the outpatient placement hearing, the applicant has "the burden of proof by a preponderance of the evidence."  (*Id*., subd. (k).)

The denial of a petition for conditional release under section 1026.2 is generally reviewed for an abuse of discretion.  (*People v. Bartsch* (2008) 167 Cal.App.4th 896, 900; *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1433.)  Defendant asks us not to follow these authorities and urges us instead to review the trial court's decision under the substantial evidence standard.  Under the substantial evidence standard, we review the entire record in the light most favorable to the People, drawing all reasonable inferences in favor of the trial court's finding, without making credibility decisions or reweighing

evidence, and determine if substantial evidence supports the trial court's ruling. (*People v. Johnson* (1980) 26 Cal.3d 557, 576.) And under the abuse of discretion standard, "it is not sufficient to show facts affording an opportunity for a difference of opinion. [Citation.] 'A trial court's exercise of discretion will not be disturbed unless it appears that the resulting injury is sufficiently grave to manifest a miscarriage of justice. [Citation.] In other words, discretion is abused only if the court exceeds the bounds of reason, all of the circumstances being considered.' " (*People v. Cross* (2005) 127 Cal.App.4th 63, 73.) A ruling exceeds the bounds of all reason if it is based on factual findings that are not supported by the record. (*Id.* at p. 75.)

We need not decide the applicable standard of review because we find that even under the substantial evidence standard, the evidence presented by defendant is more than sufficient to support the trial court's denial of his petition for conditional release. Indeed, "[i]n this case, as in many others, '[t]he practical differences' between the abuse of discretion and substantial evidence standards of review 'are not significant.' " (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 319.)

Here, defendant contends the trial court's finding was not supported by substantial evidence because it found defendant credible and he had presented unopposed testimony that he had not been violent since the underlying offense and that he had been taking and would continue to take medication. We disagree with defendant's assertion that the trial court's concerns were based on speculation. The trial court's concern that the proposed scenario was not significantly different to the one that led to the killing was supported by the record. Defendant testified that he had hallucinations when he was in the mental hospital, but "everything seemed okay" after he left. He took his medicine "on and off" after he was discharged. Defendant stabbed and killed someone within two to three weeks of being discharged. At the hearing on his petition, defendant admitted his last visual hallucination was recent. As the trial court stated, defendant bore the burden of proof by a preponderance of the evidence that he would not be a danger to the health and

4

safety of others, due to mental defect, disease, or disorder, while under supervision and treatment in the community.  (§ 1026.2, subds. (e), (k).)  Under the circumstances, the trial court's concern regarding the lack of information regarding what that supervision and treatment would be was supported by the record.

Accordingly, even accepting defendant's contention that the substantial evidence standard applies to our review, we conclude that substantial evidence supports the trial court's determination that defendant did not meet his burden of proof.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

DUARTE, J.